UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        **Plaintiff,**

  -vs-                                                                              Case No. 1:21-cr-01426-MV

**COLE FREDRICKSON,**

        **Defendant.**

## ORDER DENYING MOTION FOR RECONSIDERATION OF DETENTION ORDER

**THIS MATTER** is before the Court on defendant Cole Fredrickson's Motion for Reconsideration of Detention Order, filed on February 14, 2022. Doc. 23. The government takes no position on Mr. Fredrickson's motion. *Id.* ¶ 9. For the following reasons, the Court DENIES the motion.

On September 28, 2021, a federal grand jury returned an indictment against Mr. Fredrickson. *See* Doc. 4. Count 1 accuses him of possession with intent to distribute 40 grams and more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); count 2 accuses him of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(a)(i); and count 3 accuses him of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Doc. 4. Mr. Fredrickson was taken into federal custody in early November 2021. *See* Doc. 11. On November 8, 2021, Mr. Fredrickson waived his right to a detention hearing, and the Court ordered him to be detained. *See* Docs. 16, 19. The Court based its ruling on the presumption of detention that arose from the charges in counts 1 and 2 of the indictment, and that Mr. Fredrickson—because he waived his detention hearing— had not introduced sufficient evidence to rebut the presumption. *See* Doc. 19 at 2–3. Mr.

Fredrickson, however, reserved his "right to petition the court to review [his] detention and set reasonable conditions of release." Doc. 16.

Mr. Fredrickson now asks the Court to reconsider its order of detention or reopen the detention hearing because (1) a DEA lab report shows that the evidence against him on counts 1 and 2 is weaker than it was, and (2) his father is critically ill, and his health is deteriorating. *See* Doc. 23 ¶¶ 2–4. He asks the Court to release him either to the third-party custody of his mother or the La Pasada Halfway house, alleging that either scenario would "eliminate or significantly mitigate the risk of Mr. Fredrickson's nonappearance for court, and the risk of danger to the community." *Id.* ¶¶ 6, 7.

First, Mr. Fredrickson has not given the Court a reason to reconsider its original detention order. A Court may grant a motion to reconsider only if it has misapprehended the facts or law, a party's position, or to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them. *United States v. Randall*, 666 F.3d 1238, 1241–42 (10th Cir. 2011). Mr. Fredrickson has made no argument that the Court misapprehended anything at the original detention hearing, or that the Court clearly erred in detaining Mr. Fredrickson, or that release is required to prevent manifest injustice. *See* Doc. 23.

Second, although a judicial officer may reopen a detention hearing, she may do so only if she "finds that information exists that was not known to the movant [Mr. Fredrickson] at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). Although Mr. Fredrickson's argument that

the evidence against him on counts 1 and 2 is not as strong as originally thought is relevant to whether he is a flight risk or a danger to the community, *see* 18 U.S.C. § 3142(g)(2) (weight of the evidence is factor the court should consider), he neither describes the DEA lab report nor why it weakens the government's case. *See* Doc. 23. Further, he does not address at all the pretrial services report, which contains many troubling facts. Mr. Frederickson has failed to appear in court as required at least 11 times since 2003. *See* Doc. 14 at 5–13. He has otherwise violated the terms of his probation or supervision at least 17 times. *See id.* at 5–15. He has been convicted of multiple misdemeanors, including criminal damage, disorderly conduct, leaving the scene of an accident, underage drinking, giving an officer a false name, and theft; and he has been convicted of multiple felonies, including burglary (three times), receiving stolen property, financial card fraud, financial transaction card fraud, possession of burglary or theft tools, possession of amphetamines, fraud, receiving or transferring stolen motor vehicles, being a felon in possession of a firearm, and possession of a controlled substance. *See id.* He committed the offense alleged in this case while he was on state probation. *See id.* at 14–15. This record convinces the Court by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Mr. Fredrickson's appearance as required. Further, Mr. Fredrickson's prior conviction for being a felon in possession of a firearm, his extensive prior criminal history generally, and the allegation that he possessed two handguns in connection to this case demonstrates by clear and convincing evidence that Mr. Fredrickson is a danger to the community.

      Mr. Fredrickson also argues that his father's deteriorating health warrants his release. *See* Doc. 23 ¶¶ 4, 6–7. But this information does not have "a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person

3

as required and the safety of any other person and the community." *See* 18 U.S.C. § 3142(f)(2). Mr. Fredrickson says that his father's poor health will provide an incentive for him to abide by any conditions of release the Court might impose. *See* Doc. 23 ¶ 4. He acknowledges, however, that his father received his diagnosis two years ago, *see id.* ¶ 3, before Mr. Fredrickson committed the offenses alleged in this case and while he was on state probation. There is no indication that Mr. Fredrickson will modify his behavior based on his father's ill health. Although the Court is sympathetic to Mr. Fredrickson's desire to spend time with his ailing father, this alone does not warrant his release from custody.

**IT IS THEREFORE ORDERED** that defendant Cole Fredrickson's Motion for Reconsideration of Detention Order (Doc. 23) is denied.

DATED this 18th day of February 2022

_____
Laura Fashing
United States Magistrate Judge